UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RALPH O'DAY, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>SUPERINTENDENT ZENK, )<br>)<br>Respondent. ) | Case No. 1:12-cv-405-TWP-DML |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Ralph O'Day ("Mr. O'Day) for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

**Background**

Mr. O'Day, an Indiana prisoner, was charged with refusing to participate in a mandatory program, in a case designated as No. NCF 11-06-0071. The specific program associated with the charge is Indiana's Sex Offender Management and Monitoring ("SOMM") program and the date of Mr. O'Day's refusal in this instance was June 7, 2012. Mr. O'Day was found guilty of the charged misconduct at a hearing conducted on June 14, 2012. The sanction imposed on Mr. O'Day was a written reprimand, a thirty day loss of commissary and phone privileges, ninety days in disciplinary segregation, a 125-day earned credit time deprivation and a demotion to credit class III. Contending that the proceeding was constitutionally infirm, Mr. O'Day seeks a writ of habeas corpus.

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the

United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). Therefore, Mr. O'Day was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Mr. O'Day received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) he was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for its decision and for the sanctions which were imposed. Additionally, Mr. O'Day=s remaining claims are unavailing. Specifically, Mr. O'Day

does not make a plausible case supporting his contention that complying with the mandatory SOMM program would infringe on his religious rights or practices as a Native American, his placement in disciplinary segregation did not trigger the strictures of due process review, and his equal protection claim is baseless.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. O'Day to the relief he seeks. Accordingly, Mr. O'Day=s petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/02/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Ralph Wayne O'Day
DOC #936502
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

All Electronically Registered Counsel